# DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of <u>Carl Parker</u> ("Debtor"). I submit this declaration in support of my Final Report for the above-referenced matter.

2. I have read the foregoing Final Report and Exhibits "A" through "D" attached thereto. The information provided therein is true of my own knowledge, information and belief.

3. Attached hereto as Exhibit "F" is the Summary of Receipts and Disbursements.

4. Attached hereto as Exhibit "G" is the Calculation of Trustee's Statutory Fee.

5. Attached hereto as Exhibit "H" are the Trustee's Expense Records.

6. The following narrative statement of the case includes a summary of the major actions taken and the relevant justification of these actions:

   a. On July 20, 2022, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Riverside Division of the United States Bankruptcy Court, Central District of California, which was assigned Case No. 6:22-12723-SY ("Estate"). Thereafter, A. Cisneros was appointed as Chapter 7 Trustee for the Estate.

   b. The Debtor scheduled an interest in real property located at 1509 Pineglen Circle, Hemet, CA 92545 ("Property") with a scheduled value of $546,000, secured debt in the amount of $332,304, and a homestead exemption of $580,000. The Trustee reviewed comparable sales and obtained an average value of $505,000 and believed the max homestead exemption for Riverside County was $557,000.

   c. Given the Trustee's average value of $505,000 on the Property, the allowable homestead exemption of $557,000, secured debt of $332,304, and costs of sale there was no equity for the Estate. Therefore, I agreed to abandon the Property via the settlement motion.

   d. The Debtor included in Schedule B, among other things, a 2015 Toyota Tacoma Double Cab ("Vehicle") with a scheduled value of $11,800, no secured debt, and claimed an exemption of $3,625. The Trustee obtained an initial valuation of the Vehicle, which resulted in a private party value of $15,065 for a vehicle in "fair condition." As there was a discrepancy in

EXHIBIT E

value, the Trustee requested Debtor provide evidence of valuation. The Debtor provided an appraisal offer from Carmax at $12,500.

    e.    Taking into consideration the Carmax offer and exemption, the Trustee believes there is between $8,000 and $9,000 of equity in the Vehicle for the benefit of the Estate.

    f.    The Debtor desired to retain the interest in the Vehicle and commenced negotiations with me to that end. The Debtor agreed to pay the Estate the sum of $8,875 ("Settlement"). I sought and obtained approval of the Settlement and abandonment of the Property via a motion to approve compromise which was approved by court order entered on October 6, 2022. The Estate received total funds in the amount of $8,875.

    g.    As the funds received by the Estate did not reach an amount that would require same, no State or Federal tax returns were filed.

    h.    After completing a final review of claims and determining that no objections were needed, I filed the notice to professionals February 7, 2023 and proceeded with preparation of this final report. As of the date of this final report, the bar date for filing of fee applications has not yet passed, however, I do not anticipate that any fee applications or requests for reimbursement of expenses will be filed as I did not employ counsel and or any other professional.

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Riverside, California on February 27, 2023.

    A. CISNEROS, Chapter 7 Trustee

Printed: 02/22/23

# Receipts and Disbursements
## By Register Category
## Period Ending: 02/22/2023
### Trustee: Arturo M. Cisneros

Page: 1

Case Number: 22-12723
Case Name: Carl Parker

## Receipts

**1000 RECEIPTS**

| | | |
|---|---|---:|
| 1129-000 | Liquidation of Other Schedule B Personal Property (not listed above) | 8,875.00 |
| | Total for 1000 | 8,875.00 |
| | **TOTAL RECEIPTS** | **8,875.00** |

## Disbursements

**2000 CH 7 ADMINISTRATIVE FEES AND EXPENSES**

| | | |
|---|---|---:|
| 2300-000 | Bond Payments | 6.08 |
| 2600-000 | Bank and Technology Services Fees | 54.30 |
| | Total for 2000 | 60.38 |
| | **TOTAL DISBURSEMENTS** | **60.38** |

| | |
|---|---:|
| TOTAL RECEIPTS: | 8,875.00 |
| TOTAL DISBURSEMENTS: | 60.38 |
| NET BALANCE | 8,814.62 |

EXHIBIT F

## CALCULATION OF TRUSTEE'S STATUTORY FEE
## PURSUANT TO BANKRUPTCY CODE § 326

§ 326. Limitation on compensation of trustee

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

**Based upon total compensable receipts of $8,875.00**

| | | | |
|---|---|---|---|
| 25% of the first $5,000 ($1,250 Maximum) | (.25 x $5,000.00) | $ | 1,250.00 |
| 10% of the next $45,000 ($4,500 Maximum) | (.10 x $3,875.00) | $ | 387.50 |
| 5% of the next $950,000 ($47,500 Maximum) | (.05 x $0.00) | $ | 0.00 |
| 3% of the Balance | (.03 x $0.00) | $ | 0.00 |
| **Total Calculated Compensation** | | **$** | **1,637.50** |

EXHIBIT G

**Malcolm Cisneros**
2112 Business Center Drive
Irvine, CA 92612
Telephone: (949) 252-9400  Fax: (949) 252-1032

| | |
|---|---|
| Attn:<br>A. Cisneros, Trustee<br>3403 Tenth Street<br>Suite 714<br>Riverside, CA 92509 | February 27, 2023<br>File No.: MC117176 |

Invoice #: 116855

File Name: Parker, Carl                    Case No.: 6:22-bk-12723 SY

## COSTS

| Date | Description | Amount |
|---|---|---:|
| 9/12/2022 | Copy charges for Trustee's Motion (1) to Approve Compromise; and (2) For Abandonment of Real Property | 1.40 |
| | Postage charges for Motion | 0.57 |
| | Copy charges for Notice of Opportunity to Request Hearing | 23.20 |
| | Postage charges for Notice | 16.53 |
| 10/4/2022 | Copy charges for Declaration that No Party Requested a Hearing | 5.00 |
| 11/22/2022 | Copy charges for Report of Settlement | 0.60 |
| 2/10/2023 | Copy charges for Trustee's Final Report and other case closing documents | 30.00 |
| | **TOTAL COSTS** | **$77.30** |

EXHIBIT H